**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ZURAB PAPOSHVILI,

      Petitioner,

      v.                                   Case No. 2:26-cv-00352-KWR-SCY

MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*,
DORA CASTRO, *Warden of the Otero County Processing Center*,
MARY DE ANDA-YBARRA, *ICE Field Office Director*, *El Paso Field Office*,
TODD M. LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, *and*
TODD BLANCHE, *Acting Attorney General of the United States*,

      Respondents.

## MEMORANDUM OPINION AND ORDER DENYING RESPONDENTS' MOTION TO CONSOLIDATE AND ORDERING RESPONDENTS TO ANSWER

**THIS MATTER** comes before the Court on Respondents' Motion to Consolidate Cases (Doc. 17). Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the motion is not well-taken, and therefore, is **DENIED**. Additionally, Respondents are ordered to file their answer to Petitioner's second petition no later than May 8, 2026, at 11:59 p.m., given that the Court already ordered Respondents to file an answer within ten business days on April 6, 2026. Order to Answer, *Paposhvili v. Warden* (Apr. 6, 2026), No. 2:26-cv-00961-KWR-GJF.

### BACKGROUND

On February 11, 2026, Petitioner Zurab Paposhvili filed his first petition for a writ of habeas corpus and motion for temporary restraining order. Doc. 1 (First Petition); Doc. 4 (First TRO). The Court ordered Respondents to answer. Doc. 5 (Order to Answer). The Court granted

Petitioner's first petition in part and ordered that Respondents provide him with an individualized bond hearing. Doc. 12 (Memorandum Opinion and Order). The Court entered a final judgment as to Petitioner's first petition. Doc. 13 (Judgment). Petitioner was denied bond and filed his second petition which is presently before the Court. Second Petition, *Paposhvili v. Warden* (Mar. 30, 2026), No. 2:26-cv-00961-KWR-GJF.

Respondents move to consolidate the second petition, No. 2:26-cv-00961-KWR-GJF, with this closed matter, No. 2:26-cv-00352-KWR-SCY. Petitioner opposes the consolidation. Doc. 17 at 2.

**DISCUSSION**

Federal Rule of Civil Procedure ("Rule") 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A court should initially consider whether the cases involve a common question of law or fact. *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). If a common question exists, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *Id.*

At least one court in this district has found that "[c]onsolidating an active case with one in which Final Judgment has been entered is permissible, but rarely appropriate." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 452–53 (D.N.M. 2018). Generally, courts are reluctant to consolidate a case with a case in which a final judgment has been entered, unless the final judgment is vacated. *See Shelton v. MRIGlobal*, No. 11-cv-02891-PAB-MJW, 2014 WL 793464, at *2 (D. Colo. Feb. 26, 2014). However, courts have also found that a case in which a final judgment has

been entered is no longer an "action before the Court," and thus, Rule 42(a) does not allow for consolidation unless the final judgment is vacated. *See Abels v. Skipworth*, No. C10-5033BHS, 2010 WL 2376230, at *1 (W.D. Wash. June 9, 2010). Consolidation is a question of convenience and economy in judicial administration. *Payne*, 327 F.R.D. at 450. The Court has broad discretion in determining whether to consolidate a case. *Id.* (citing *Gillette Motor Transp., Inc. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950)).

Here, there exists a common question of fact. Petitioner's second petition challenges his continued immigration detention following the denial of release at his bond hearing. Petitioner makes two new legal arguments, one of which could have been made in the first petition, but he still challenges his immigration detention under 28 U.S.C. § 2241. Thus, the Court will weigh the interests of judicial convenience against the delay, confusion, and prejudice that consolidation may cause. *See Servants of the Paraclete, Inc.*, 866 F. Supp. at 1572.

Given that Petitioner's first case already has a final judgment entered, the Court finds that consolidating the cases will not be judicially convenient. With a final judgment already entered, that matter is no longer before the Court pursuant to Rule 42(a). In this case, the interest of judicial convenience weighs against consolidation. Although consolidation will not likely cause confusion or prejudice, it will slightly delay the Court because the initial matter has already been closed and a final judgment has been entered. On balance, the Court finds that consolidation is not warranted. Therefore, the Court declines to consolidate the matters.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Consolidate (Doc. 17) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

3

**IT IS FURTHER ORDERED** that Respondents file their answer to Petitioner's second petition filed in No. 2:26-cv-00961-KWR-GJF by May 8, 2026, at 11:59 p.m.


<u>       /S/                           </u>
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE